■ JAY OSHA, Respondent, v OLUROTIMI OSHA, Appellant. [956 NYS2d 15]—

There is no basis for disturbing the court's award of temporary maintenance. In calculating the award, the court correctly applied the formula set forth in Domestic Relations Law § 236 (B) (5-a) (c) (1) (*see Khaira v Khaira*, 93 AD3d 194, 197 [1st Dept 2012]). The court considered numerous statutory factors and found that the statutory presumptive or guideline amount of temporary maintenance of $1,959.86 per month was "unjust or inappropriate" (Domestic Relations Law § 236 [B] [5-a] [e] [1]). The court set forth the amount of the unadjusted presumptive award, the factors it considered, and the reasons that it adjusted the presumptive award (§ 236 [B] [5-a] [e] [2]). The court providently exercised its discretion in imputing gross annual income to defendant in the amount of $90,000, given defendant's past work experience and educational background (*see Hickland v Hickland*, 39 NY2d 1, 5 [1976], *cert denied* 429 US 941 [1976]).

The court's award of $10,000 to defendant's attorney for interim counsel fees, rather than the $25,000 defendant requested, was a provident exercise of discretion (*see* Domestic Relations Law § 237 [a]). Although defendant is the less monied

spouse, this divorce action is unlikely to be prolonged, as the parties have little marital assets and no children.

We have considered defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Acosta and Román, JJ.